## SHUPTRINE CO. v. EUCALINE MEDICINE CO.

### No. 3243—500.

District Court, N. D. Texas. Dallas Division. March 6, 1930.

J. M. McCormick, of Dallas, Tex., and Edward G. Fenwick, of Washington, D. C., for complainant.

S. P. Sadler and Ross M. Scott, both of Dallas, Tex., for respondent.

ATWELL, District Judge.

The complainant, a Georgia corporation, seeks an injunction against the respondent, a Texas corporation, claiming an infringement of its trade-mark rights and property in a remedy known as Tetterine, under the 1905 act (15 USCA §§ 81–109, as amended).

The case is refreshing since there is no testimony that suggests the ugly features that usually surround phases of the operation of a business which impinges upon the rights of another. There is no meditated simulation. No determined imitation.

I think it may be fairly and properly concluded, from all of the testimony, that Tetterine, the product of the complainant, and Tetter-rem, the product of the respondent, originated—were presented to the trade—and developed without the knowledge of the other. The complainant's article was placed upon the market first. In 1882 Tetterine was known and sold. Much advertising has been done throughout the country, including Texas. The name, I think, is distinctive. It is new. It has no dictionary meaning. It has a meaning that ties itself to the complainant's business. It is not a descriptive word. A descriptive word may not be the subject of a legal registration or a legal trade-mark. It may not become the property of one. It may not be owned. One must be the owner in order to secure the benefit of the 1905 Trade-Mark Act. Thaddeus Davids Co. v. Davids, 233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046; No-D-Ka Dentifrice Co. v. S. S. Kresge Co. (D. C.) 24 F.(2d) 726.

The respondent placed Tetter-rem on the market about 1892, under the name of Hooper's Tetter Cure. In conformity with the 1906 Pure Food Act the name was changed to Tetter-rem. The court was impressed by the answer of the present owner of the respondent to the effect that the change was made "without being made to make the change." He said he thought it was the duty of the good citizen to recognize the passing of a law and then to adjust himself to it. A salutary announcement.

I am persuaded that Tetterine and Tetter-rem are so near alike that the buying public will be confused.

Mr. Connell went into a number of drug stores calling for Tetter-rem, and received both Tetterine and Tetter-rem. One of the attorneys in the case called for Tetter-rem, and was shown two packages of Tetter-rem, one of liquid and one of salve. Another witness called for Tetter-rem and received a package already wrapped, brought it to the courtroom, and unwrapped it while he was testifying, and discovered then that he had in fact received Tetterine.

Tetterine is a word that may be tied by the provisions of the Trade-Mark Act as one's property. These rights are being infringed by the respondent in offering to the trade Tetter-rem.

The question of damages being waived, a commissioner need not be appointed, and the complainant may have the relief prayed.