584

## ETHYL GASOLINE CORPORATION v. KLIBANOW.

### No. 3346—601.

District Court, N. D. Texas, Dallas Division. June 21, 1932.

Edward S. Rogers, of Chicago, Ill., Andrews, Streetman, Logue & Mobley and Robert F. Campbell, all of Houston, Tex., and Webster Atwell, of Dallas, Tex., for complainant.

Renfro, Ledbetter & McCombs and William Andress, Jr., all of Dallas, Tex., for respondent.

ATWELL, District Judge.

The Ethyl Gasoline Corporation shows proprietyship and registration in accordance with the Act of congress of February 20, 1905, as amended (15 USCA § 81 et seq.), of the word "Ethyl," when applied to gasoline, and certain other motor articles, such as oils and fuels and carbon removers. These registrations began in 1924 and extended through the years 1925, 1926, 1930, and 1931. It has laboratories and testing stations in New York City, Detroit, Kansas City, Mo., Tulsa, Okl., and Louisiana, that are known as Ethyl Gasoline Corporation laboratories. The name "Ethyl," and the phrase "Ethyl gasoline Corporation," have acquired and now possess a distinct and identifying significance and refer to the complainant's products and motor fuels, with which complainant's anti-knock compound is mixed, and to complainant's business generally.

It is represented that the respondent engaged in business in Dallas, Tex., under the business style "Ethyl Laboratories." That this was a long time after the institution of the complainant's business. That the respondent began to manufacture, sell, and distribute an automobile cleaner and polish, using the name "Ethyl" both on the article and at the place of making. That this was with full knowledge of complainant's name and business, and was for the purpose of taking advantage of the complainant's reputation and good will.

The complainant complained that such use of the word "Ethyl" on the product and place of production was calculated to deceive the public and to damage the complainant.

The respondent claimed that what he was making and selling was not of substantially the same descriptive properties as the products handled by the complainant. That the word "Ethyl" was not an arbitrary word, and did not refer exclusively to the complainant's product and business. Shuptrine Co. v. Eucaline Medicine Co. (D. C.) 40 F.(2d) 303. It was also contended that there was no infringement, and no deception of the trade or public, and no unfair competition.

The testimony is voluminous. Without going into tiresome details, the court is of the opinion that the use and display of the word "Ethyl" by the respondent on his produce and at his factory is for the purpose of reaping such benefit as may arise by reason of the universal popularity, not only in America, but abroad, of motor auxiliaries bearing that identifying mark. The amount of money expended by the complainant in pictorial and display advertising for universal circulation is tremendous.

Ours is a land in which the people like to see endeavor stand on its own feet, fight its own way to the front, and having arrived at the front receive such crowns of victory as it may, legitimately. This fight must be made fairly, it must be made with one's own weapon.

Because a word is in the dictionary does not, after it has been appropriated by another, give it the attitude of property for the multitude.

Even though there may be some difference of opinion as to the reason for upholding one's right in a trade-mark or a copyright, no such question arises here. Whether one's right in a trade-mark is to be supported on the theory that it is property, or on the theory that one who infringes deceives the public, Bourjois & Co. v. Katzel, 260

U. S. 689, 43 S. Ct. 244, 67 L. Ed. 464, 26 A. L. R. 567; Hanover Star Milling Company v. Allen & Wheeler Company (C. C. A.) 208 F. 513; Schechter, Historical Foundations of Trade-Mark Law, pp. 5, 155, 158–159, is immaterial.

The testimony in this case shows the complete legal ownership of the word for trade purposes, the compliance with the statute for protection thereof, and the deception of some purchasers.

An interesting résumé of the authorities will be found in Standard Oil Company of New Mexico v. Standard Oil Company of California, 56 F.(2d) 973, Tenth Circuit.

The damages in sight are hardly sufficient to justify the appointment of a commissioner.

A decree may be drawn enjoining the respondent and adjudicating the validity of the trade-mark "Ethyl."